**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY ROBERTS, <br><br>　　　　Petitioner, <br><br>v. <br><br>DAVID B. LONG, Warden, et al. <br><br>　　　　Respondents. | Civil No.　14-cv-0427-WQH (DHB) <br><br>**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE AMENDED PETITION** <br><br>**[ECF No. 13]** |

On July 21, 2014, Petitioner Jeffrey Roberts, a state prisoner proceeding *pro se*, filed a motion for leave to file an amended petition for writ of habeas corpus. (ECF No. 13.) For the reasons set forth below, the Court finds Petitioner's motion for leave to amend should be **GRANTED**.

## I. BACKGROUND

On February 24, 2014, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On March 3, 2014, the Court dismissed his Petition without prejudice because Petitioner failed to satisfy the filing fee requirement. (ECF No. 3.) Petitioner subsequently paid the filing fee and the Court re-opened the case. (ECF Nos. 4, 5.)

/ / /

On June 24, 2014, Respondent filed a motion to dismiss the Petition arguing that the Petition fails to state a proper claim for federal habeas relief, specifically, that the Petition is deficient because it fails to challenge the legality or duration of Petitioner's confinement and it fails to allege a violation of any federal law. (ECF No. 10.) Instead of filing an opposition to Respondent's motion to dismiss, on July 21, 2014, Petitioner filed the instant motion for leave to file an amended petition. (ECF No. 13.)[1] Respondent filed an opposition to the motion for leave to amend on August 13, 2014. (ECF No. 15.)

## II. ANALYSIS

### A. Legal Standards

Habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Outdoor Sys., Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993)). "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

In general, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Webb*, 655 F.2d at 979 (quoting *Rosenberg Bros. &*

---

[1] Petitioner's proposed amended petition is attached as an exhibit to his motion. (*See* ECF No. 13-1.)

*Co., Inc. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam)). The policy of favoring amendments under Rule 15(a) "is applied even more liberally to pro se litigants" than to parties represented by counsel. *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). The Supreme Court has outlined several factors a district court should consider in determining whether to permit leave to amend:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting FED. R. CIV. P. 15(a)(2); *see also Bonin*, 59 F.3d at 845 (factors to consider include "bad faith, undue delay, prejudice to the opposing party, and whether the party has previously amended his pleadings.") (citing *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)); *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (leave to amend under Rule 15(a)(2) "need not be granted where the amendment . . . would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.") (citations omitted).

The Ninth Circuit has recognized that "[n]ot all of the factors merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Spechler*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *DCD Programs*, 833 F.2d at 185). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187 (citing *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977)). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (citing *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997)).

/ / /

/ / /

**B.     Parties' Arguments**

In his motion for leave to file an amended petition, Petitioner argues that his motion is not brought in bad faith, to cause undue delay, or as a form of improper dilatory tactics. Instead, Petitioner contends he makes the request in order to cure significant and harmful errors and deficiencies in his original Petition that he has only now become aware of as a result of Respondent's motion to dismiss and after receiving advice of a fellow inmate. Finally, Petitioner contends Respondent would not be disadvantaged if the Court were to permit Petitioner leave to file an amended petition.

Respondent argues Petitioner's motion for leave to amend should be denied because the proposed amended petition, like the original Petition, fails to state a proper claim for federal habeas relief because it does not challenge the fact or duration of Petitioner's confinement. Respondent also contends Petitioner cannot allege a cognizable due process claim.

**C.     Analysis**

**1.     Rule 15(a)(1)(B)**

As an initial matter, the Court finds Petitioner is not entitled to amend his Petition once as a matter of course pursuant to Rule 15(a)(1)(B). As noted above, a party is entitled to amend its pleading once as a matter of course within twenty-one days after service of either a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1)(B). Here, Respondent filed and served his motion to dismiss on June 24, 2014. (*See* ECF No. 10 at 7.) Petitioner's motion for leave to amend was filed on July 21, 2014. (*See* ECF No. 13.) However, pursuant to the prison mailbox rule, the motion, which includes a copy of the proposed amended petition, is deemed filed no later than July 8, 2014.[2]

---

[2] For purposes of determining the date on which an incarcerated *pro se* habeas petitioner files a document with the court, courts generally apply the prison "mailbox rule" under which a petitioner is deemed to have filed the document on the date he deposited it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988); *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000). The "mailbox rule" "applies to prisoners filing habeas petitions in both federal and state courts." *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001) (citing *Saffold v. Newland*, 250 F.3d 1262,

1     Nevertheless, Respondent's motion is not the type of motion contemplated by Rule 15(a)(1)(B), *i.e.*, a motion under Rule 12(b), (e), or (f). Rather, Respondent filed his motion to dismiss pursuant to Rule 4 of the Rules Governing 28 U.S.C. Section 2254 Cases. (*See* ECF No. 10 at 1:25-26.) Because Respondent's motion to dismiss is not a motion under Rule 12(b), (e), or (f), Rule 15(a)(1)(B) is not available to Petitioner. *See Velasquez v. Benov*, No. 1:10-cv-01593 AWI MJS HC, 2011 U.S. Dist. LEXIS 79063, at *9 (E.D. Cal. July 20, 2011) (recognizing that "a Rule 12(b)(6) motion attacking the sufficiency of the pleading in the petition does not comfortably fit within the habeas landscape."); *Van Buren v. Pliler*, No. C 00-0998 PJH (PR), 2011 U.S. Dist. LEXIS 3183, at *1 (N.D. Cal. Mar. 16, 2011) ("Motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure are not appropriate in habeas cases." (citing *Browder v. Director, Dep't of Corrections of Ill.*, 434 U.S. 257, 269 n.14 (1978))).

### 2.    Rule 15(a)(2)

    Although Petitioner is not entitled to amend his Petition as a matter of course pursuant to Rule 15(a)(1), "Rule 15(a)(2) (stipulation or leave) remains available for proposed amendments." *Stuart v. Fisher*, No. 1:02-cv-00020-BLW, 2013 U.S. Dist. LEXIS 124715, at *14 (D. Idaho Aug. 27, 2013). As noted, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality,'" *Webb*, 655 F.2d at 979 (citing *Rosenberg Bros.*, 283 F.2d at 406), even more so in this case given that Petitioner is not represented by counsel. *Eldridge*, 832 F.2d at 1135.

    Upon review of the parties' arguments and the *Foman* factors, the Court finds leave to amend is warranted. This is Petitioner's first request to amend the Petition, and there

///

---

1268 (9th Cir. 2000)). Here, although Petitioner's motion for leave to amend was not filed on the Court's docket until July 21, 2014, it is dated July 7, 2014, and it was postmarked on July 8, 2014. (ECF No. 13 at 7, 12.) Accordingly, given the benefit of the prison "mailbox rule," Petitioner's motion for leave to amend is deemed filed by, at the latest, July 8, 2014, which is well within the twenty-one day period contemplated by Rule 15(a)(1)(B) for amending pleadings as a matter of course.

is no evidence that his motion is brought in bad faith or to cause undue delay.[3] Indeed, Petitioner filed his motion to amend shortly after he received Respondent's motion to dismiss identifying alleged deficiencies in the Petition. Moreover, although prejudice to Respondent is the "most important factor," *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971))), the Court finds that Respondent will not be unduly prejudiced by being required to respond to Petitioner's amended petition. In fact, Respondent has already prepared the legal argument that it will no doubt assert in a motion to dismiss the amended petition. Any additional effort on Respondent's part to tailor that argument to the amended petition is minimal. Finally, the Court notes that Respondent's opposition to the motion for leave to amend is focused exclusively on Respondent's position that amendment would be futile. However, the Court declines to address the merits of the proposed amended petition at this time, especially in light of the fact that the Court determined that the original Petition was plead sufficiently to survive the Court's preliminary screening under Rule 4 of the Rules Governing Section 2254 Cases. (*See* ECF No. 5 at 1:24-26.) Petitioner's proposed amendment is intended to remedy certain defects in the original Petition which, if Petitioner is correct, would make the First Amended Petition even more likely to survive the Court's preliminary review. Thus, the Court cannot say at this stage that amendment is an exercise in futility.

In consideration of the *Foman* factors, and in light of Petitioner's status as a *pro se* litigant and Rule 15's underlying purpose to facilitate resolution "on the merits rather than on the pleadings or technicalities," *DCD Programs*, 833 F.2d at 186, the Court exercises its discretion to **GRANT** Petitioner's motion for leave to amend.[4]

---

[3] The Court notes that Petitioner's motion requests leave to file a Second Amended Petition, and that the motion regularly mentions Petitioner's desire to file a Second Amended Petition. However, based on a review of the docket it is clear that Petitioner has only filed one Petition in this case, and that the instant motion is his first request for leave to file an amended petition.

[4] The Court has issued an order, rather than a report and recommendation, because "a motion to amend is not a dispositive motion because by its nature it only seeks to add or amend claims or [parties] rather than dismiss the action in its entirety." *Butler v.*

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's motion for leave to file a an amended petition for writ of habeas corpus is **GRANTED**. Because Petitioner has already filed a copy of his First Amended Petition (*see* ECF No. 13-1), the Clerk of Court is instructed to file the First Amended Petition as a separate docket entry.[5]

2. If Respondent contends the First Amended Petition can be decided without the Court's reaching the merits of Petitioner's claims, Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **October 20, 2014**. The motion to dismiss shall not address the merits of Petitioner's claims, but rather shall address all grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted. At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is not required for the motion to dismiss.

3. If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **November 20, 2014**. At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

4. Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

5. If Respondent does not contend that the First Amended Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall

---

*Kelso*, No. 11cv02684 CAB(RBB), 2013 U.S. Dist. LEXIS 63863, at *29 n.4 (S.D. Cal. May 2, 2013) (citing *Fernandez v. Nevada*, No. 3:06-cv-0628-LRH-RAM, 2011 U.S. Dist. LEXIS 6162, at *8 (D. Nev. Jan. 18, 2011).

[5] As noted above, *see supra* note 3, Petitioner's proposed amended petition (ECF No. 13-1) is actually styled as a "Second Amended Petition." However, the Court interprets the amended pleading as a First Amended Petition because Petitioner has not previously amended the original Petition filed in this action.

file and serve an answer to the Petition, <u>as well as points and authorities in support of such answer</u>, no later than **November 3, 2014**. At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned **"Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

6. Petitioner may file a traverse to matters raised in the answer no later than **December 3, 2014**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the First Amended Petition. Grounds for relief withheld until the traverse will not be considered. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

7. A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

8. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

**IT IS SO ORDERED.**

DATED: September 29, 2014

DAVID H. BARTICK
United States Magistrate Judge